UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   CR-06-2084-WFN-1 |
| Plaintiff, ) | |
| ) | |
| -vs- ) | ORDER |
| ) | |
| MANUEL SANDOVAL-SAUCEDO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion to Dismiss (Ct. Rec. 23). The Defendant is represented by Kurt Rowland; Assistant United States Attorney Shawn Anderson represents the Government.

The Court has reviewed the file and pending motion and is fully informed. For the reasons stated below the motion will be denied.

## I. BACKGROUND

The Defendant is charged with being an Alien in the United States following Deportation in violation of 8 U.S.C. § 1326. The Indictment alleges that the Defendant is a citizen and national of Mexico, that he was deported and/or removed from the United States on May 6, 2003, and that he was found in the United States on March 23, 2006 and did not have the express consent of the Attorney General and the Secretary of the Department of Homeland Security to return. (Ct. Rec. 1). The Defendant contends that the Indictment must be dismissed because the May 6, 2003 deportation was accomplished by an administrative

ORDER - 1

reinstatement order. The practical effect of a reinstatement order is that the alien does not have the opportunity to appear at a hearing before an immigration judge.

## II. DISCUSSION

On November 18, 2004, the Ninth Circuit held that the INS practice of having an immigration official rather than an immigration judge make the ultimate decision as to whether to issue a reinstatement order was *ultra vires*. *See Morales-Izquierdo v. Ashcroft*, 388 F.3d 1299, 1305 (9th Cir. 2004) (holding that an immigration judge must conduct all proceedings for deciding the inadmissability or deportability of an alien). On September 15, 2005, the Ninth Circuit granted a rehearing en banc. *Morales-Izquierdo v. Gonzales*, 423 F.3d 1118 (9th Cir. 2005). In so doing, the Circuit stated that "the three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court." *Id*. at 1118-19. The Ninth Circuit has yet to issue its en banc decision.

At issue in the *Morales-Izquierdo* case, as well as Defendant's case at bar, is 8 CFR § 241.8, implemented by the Bureau of Immigration and Customs Enforcement, which states that if an alien reenters the U.S. after having been removed, or having departed voluntarily while under an order of exclusion, deportation, or removal, he or she shall be removed from the U.S. by reinstating the prior order. The regulation states that the alien has no right to a hearing before an immigration judge in such circumstances. Even though Defendant cannot rely on *Moralez-Izquierdo* for precedent, he is making the same argument that was set forth in *Moralez-Izquierdo*, that is, the reinstatement order was not valid because it was not issued by an immigration law judge.

The First, Eighth, and Eleventh Circuits have rejected the *ultra vires* argument and concluded that the regulation is a reasonable interpretation of the Immigration and Nationality Act. *See Lattab v. Ashcroft*, 384 F.3d 8 (1st Cir. 2004) (concluding that the statute is ambiguous and upholding 8 CFR § 241.8 as a reasonable interpretation of the statute)*;*

ORDER - 2

*Ochoa-Carrillo v. Gonzales*, 437 F.3d 842, 846 (8th Cir. 2005) (same); *De Sandoval v. Attorney General*, 440 F.3d 1276, 1281 (11th Cir. 2006) (same).  The Sixth Circuit, in an unpublished decision, also reached the same result. *See Tilley v. Chertoff*, 144 Fed. Appx. 536, 540 (6th Cir. 2005).

The Court finds the reasoning of these case to be persuasive. The Court further notes that the Ninth Circuit's decision to accept *Morales-Izquierdo v. Ashcroft* for en banc review may indicate that the panel decision is infirm. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss, **Ct. Rec. 23**, is **DENIED with a right to renew** pending a favorable en banc decision in *Morales-Izquierdo v. Ashcroft*.

2. All time from the filing of Defendant's Motion to Dismiss on July 20, 2006 to the date of this Order is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(F).

3. The District Court Executive is directed to close the open excludable time period started on July 20, 2006.

4. The trial date and final pretrial conference are **RESET to September 12, 2006, in Yakima**, Washington.

    (a)    The final pretrial conference shall commence at **11:00 a.m.**;

    (b)    Jury selection shall commence at **1:00 p.m.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 5th day of September, 2006.

                                  s/ Wm. Fremming Nielsen
                                  WM. FREMMING NIELSEN
09-05                    SENIOR UNITED STATED DISTRICT JUDGE

ORDER - 3